UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AT&T SEVERANCE PAY PLAN, | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-03258-X |
| | § | |
| ALEXIS COOK-SIMMS, | § | |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant AT&T Severance Pay Plan ("AT&T") answers the Counterclaims filed by Defendant/Counter-Plaintiff Alexis Cook-Simms ("Defendant") on February 9, 2026 (Dkt No. 11) (the "Counterclaims"). To the extent that any allegation contained in the Counterclaims is not specifically admitted in this Answer, it is hereby denied.

**DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF
AT&T SEVERANCE PAY PLAN**

To the extent a response is required to Defendant's initial paragraph of the Counterclaims, AT&T denies the allegations in same.

52.      [1]AT&T incorporates its answers to all preceding paragraphs as though fully set forth herein.

53.      AT&T answers that the portion of the GRW quoted in paragraph 53 of Defendant's Counterclaim speaks for itself. AT&T denies the other allegations in

---

[1] AT&T's numbering corresponds with the paragraph numbers in the Counterclaims.

1

paragraph 53 of Defendant's Counterclaim.

54.    AT&T admits that Defendant filed a charge of discrimination against AT&T with the EEOC. AT&T denies the remaining allegations in paragraph 54 of Defendant's counterclaim.

55.    AT&T objects that it cannot respond to paragraph 55 of Defendant's counterclaim because paragraph 55 violates Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to a single set of circumstances." Subject to its objection, AT&T admits that Defendant's poor work performance is one of the reasons AT&T submitted to the EEOC as justification for Defendant's termination.

56.    AT&T denies the allegations in paragraph 56 of Defendant's Counterclaim.

57.    AT&T objects that it cannot respond to paragraph 55 of Defendant's counterclaim because paragraph 55 violates Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to a single set of circumstances." Subject to its objection, AT&T admits that Defendant has initiated an arbitration against AT&T through JAMS.

58.    AT&T objects that it cannot respond to paragraph 55 of Defendant's counterclaim because paragraph 58 violates Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to a single set of circumstances." Subject to its objection, AT&T denies the allegations in paragraph 58 of Defendant's Counterclaim.

59.    AT&T objects that it cannot respond to paragraph 55 of Defendant's counterclaim because paragraph 58 violates Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to a single set of circumstances." Subject to its objection,

AT&T states that paragraph 59 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 59 of Defendant's Counterclaim.

60.     Paragraph 60 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 60 of Defendant's Counterclaim.

## COUNTERCLAIM I – DECLARATORY JUDGMENT THAT THE GRW IS VOID

(Against Plaintiff AT&T Severance Pay Plan)

61.     AT&T incorporates its answers to all preceding paragraphs as though fully set forth herein.

62.     Paragraph 62 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 62 of Defendant's Counterclaim.

63.     Paragraph 63 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 63 of Defendant's Counterclaim.

64.     Paragraph 64 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 64 of Defendant's Counterclaim.

65.     Paragraph 65 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 65 of Defendant's Counterclaim.

66.    AT&T denies that Defendant is entitled to the relief sought in paragraph 66 of Defendant's Counterclaim.

## COUNTERCLAIM II – POST-WAIVER RETALIATION

(Against Plaintiff AT&T Severance Pay Plan, as Administered by AT&T Services, Inc.)

67.    AT&T incorporates its answers to all preceding paragraphs as though fully set forth herein.

68.    Paragraph 68 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 68 of Defendant's Counterclaim.

69.    Paragraph 69 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 69 of Defendant's Counterclaim.

70.    Paragraph 70 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 70 of Defendant's Counterclaim.

71.    Paragraph 71 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 71 of Defendant's Counterclaim.

72.    Paragraph 72 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 72 of Defendant's Counterclaim.

73. Paragraph 73 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 73 of Defendant's Counterclaim.

74. Paragraph 74 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 74 of Defendant's Counterclaim.

75. Paragraph 75 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 75 of Defendant's Counterclaim.

76. Paragraph 76 of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that a response is required, AT&T denies the allegations in paragraph 76 of Defendant's Counterclaim.

## PRAYER FOR RELIEF

77. AT&T denies that Defendant is entitled to any relief sought in the Prayer for Relief, including subparts a – l.

## AFFIRMATIVE DEFENSES

78. Defendant's claims are barred because Defendant executed a severance agreement which released all claims and accepted a severance payment from AT&T.

79. Defendant's claims are barred pursuant to ERISA because the severance agreement executed by Defendant was made pursuant to an ERISA qualified plan.

80. The Demand fails to state a claim upon which relief may be granted.

81. AT&T's employment decisions with respect to Defendant were based on

legitimate, non-discriminatory, and non-retaliatory factors.

82.     Defendant was not constructively discharged; she voluntarily resigned from her at-will employment with AT&T.

83.     AT&T's employment policies, practices, and procedures were job-related and consistent with business necessity.

84.     Defendant's claims are barred, in whole or in part, by the applicable statute of limitations.

85.     Defendant's recovery of damages, if any, would constitute unjust enrichment.

86.     Defendant's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

87.     To the extent that Defendant failed to reasonably mitigate her alleged damages, Defendant's recovery of damages, if any, must be barred or reduced accordingly.

88.     If, and to the extent, any action taken with respect to Defendant was motivated by an impermissible consideration, which AT&T expressly denies, AT&T would have taken the same action for non-discriminatory and non-retaliatory reasons.

89.     If AT&T's employees engaged in any wrongful or tortious conduct, which AT&T expressly denies, such employees did so on their own behalf and outside the scope of their employment. AT&T did not authorize, direct, or ratify such conduct and had no reason to know or suspect that such conduct would occur.

90.     Defendant is not entitled to liquidated damages and/or punitive damages, in that she cannot demonstrate malice, reckless indifference, or willfulness on the part

of AT&T, nor can she impute liability for such damages to AT&T, because of its good faith efforts to comply with (and its good faith belief that its actions and/or omissions were in compliance with) the Civil Rights Act of 1964 (as amended), the Texas Commission on Human Rights Act the Americans with Disabilities Act, the Family Medical Leave Act, and other laws against discrimination and retaliation.

91.     Defendant's claims for relief are barred, in whole or in part, to the extent her alleged damages are speculative, and her recovery of damages, if any, must be barred or reduced accordingly.

92.     Any claim for punitive damages is barred by K*olstad v. American Dental Ass'n*, 527 U.S. 526 (1999), and related authority, because AT&T did not act with malice or reckless indifference to Defendant's statutory rights.

93.     AT&T asserts the affirmative defenses of ratification and consent.

AT&T respectfully reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

Respectfully submitted,

By: /s/ *Craig A. McDougal*
**Craig A. McDougal**
Texas Bar No. 13569850
cmcdougal@ktslaw.com
**John D. Robinson**
Texas Bar No. 24116977
john.robinson@ktslaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Tel: (214) 922-7100 | Fax: (214) 922-7101

**ATTORNEYS FOR PLAINTIFF/
COUNTER-DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby state that on March 2, 2026, I caused the foregoing document to be served on all parties and counsel of record via the court's ECF system, which automatically provides an electronic copy of the document to all parties of record.


*/s/ Craig A. McDougal*
**Craig A. McDougal**